**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

               Government,

      v.

**D1: CORTEZ BLAKE,**
**D3: SEMAJ AYERS,**
**D6: ARMOND WILLIAMS,**
**D7: NASIR LEWIS,**

               Defendants.

_____/

**HONORABLE LAURIE J. MICHELSON**

**No. 22-20519**

**STATUS CONFERENCE**

**Detroit, Michigan -- Friday, June 23, 2023**

**APPEARANCES:**

**David Patrick Cowen, Esq.**
**Jeanine Brunson, Esq.**
U.S. Attorney's Office
211 W. Fort Street
Ste 2001
Detroit, MI 48226
Tel: (313)226-9100
david.cowen@usdoj.gov
jeanine.brunson@usdoj.gov
On behalf of Government

**David I. Lee, Esq.**
Attorney At Law
615 Griswold, #722
Detroit, MI 48226
Tel: (313) 962-6007
davidileelaw@yahoo.com
On behalf of Deft. Blake

**Samuel J. Churikian, Esq.**
Attorney At Law
500 Griswold
Ste 2340
Detroit, MI 48226
Tel: (313)963-1455
4bestdefense@comcast.net
On behalf of Defendant Ayers

**Ben M. Gonek, Esq.**
Gonek & Belcher Law, P.C.
14290 Northline Road
Southgate, MI 48195-1820
Tel: (313) 963-3377
ben@gonekblecherlaw.com
On behalf of Deft. Williams

**TITLE, (Cont.)**


**APPEARANCES, (Cont.)**

**Gerald J. Gleeson , II**
Miller Canfield Paddock
& Stone, PLC
840 W. Long Lake Road
Suite 200
Troy, MI 48098-6358
Tel: (248)267-3296
gleeson@millercanfield.com
On behalf Deft. Lewis


Also Present in Courtroom:

**Henry M. Scharg, Esq.**
30445 Northwestern Hwy.,
Suite 225
Farmington Hills, MI 48334
Tel: (248)596-1111
hmsattyatlaw@aol.com
On behalf of Defendant
Karamoh Turner


**Randall C. Roberts, Esq.**
Attorney At Law
120 N. 4th Ave.
Ann Arbor, MI 48104
Tel: (734)677-3393
randallcroberts51@yahoo.com
On behalf of Defendant
Maijah Greene


**Judith S. Gracey, Esq.**
The Gracey Law Firm
2200 Beechmont Street
Keego Harbor, MI 48320
Tel:(248) 221-7726
judith@thegraceylawfirm.com
On behalf of Defendant
Shatonnia Kimbrough

**TITLE, (Cont.)**

-   -   -

To Obtain A Certified Transcript, Contact:
**Nefertiti A. Matthews, Official Court Reporter**
**Theodore Levin United States Courthouse**
**231 West Lafayette Boulevard**
**Detroit, Michigan  48226**
**www.transcriptorders.com • jodi_matthews@mied.uscourts.gov**

Proceedings recorded by mechanical stenography.
*Transcript produced by computer-aided transcription.*

**Status Conference**
**Friday, June 23, 2023**

## I  N  D  E  X

- - -

Hearing:                                          Page:  Vol.:

**Status Conference**  ...............................**6**    **1**

Arraignment: Mr. Ayers and Mr. Blake ............8    1

Certification of Reporter .......................33

Exhibits:

None

**Status Conference**
**Friday, June 23, 2023**

```
 1                              Detroit, Michigan

 2                              Friday, June 23, 2023

 3                              10:00 a.m.

 4                                -   -   -

 5            THE CLERK:  The court calls Case Number 22-20519; The

 6    United States of America versus Cortez Blake, Semaj Ayers,

 7    Armond Williams and Nasir Lewis.

 8         Counsel, please state your appearances, for the record.

 9            MR. COWEN:  Good morning, Your Honor.  David Cowen on

10    behalf of the United States.

11            MS. BRUNSON:  Good morning, Your Honor.  Jeanine

12    Brunson, on behalf of the United States.

13            THE COURT:  Good morning.

14            MR. LEE:  Good morning, Your Honor.  David Lee,

15    appearing on behalf of Cortez Blake who, for the record, is

16    present and sitting to my right.

17            THE COURT:  All right.  Good morning.

18            MR. CHURIKIAN:  Good morning, Your Honor.  Samuel

19    Churikian, appearing on behalf of Mr. Ayers who is seated to my

20    left.

21         Sir, state your name, for the record?

22            THE DEFENDANT:  Semaj Ayers.

23            THE COURT:  Good morning.

24            MR. GONEK:  Good morning, Your Honor.  Ben Gonek,

25    appearing on behalf of Armond Williams, who is seated to my
```

1   right.

2            **THE COURT:**  All right.  Good morning.

3            **MR. GLEESON:**  Good morning, Your Honor.  Gerald

4   Gleeson, on behalf of Mr. Lewis, who is seated to my left.

5            **THE COURT:**  All right.  Very good.  Thank you.  Good

6   morning.

7       And we have -- counsel for the remaining three defendants

8   are also with us.  Why don't I have you put your appearances on

9   the record as well.  Mr. Scharg, we'll start with you.

10           **MR. SCHARG:**  Yes.  Good morning, Your Honor.  Henry

11   Scharg, on behalf of Mr. Turner.

12           **MS. GRACEY:**  Good morning, Your Honor.  Judith

13   Gracey, for the record, on behalf of Shatonnia Kimbrough, who

14   is not present in the courtroom yet.

15           **MR. ROBERTS:**  Your Honor, my name is Randall Roberts,

16   I appear on behalf of Maijah Greene and she also is not

17   present.

18                          **Status Conference**

19           **THE COURT:**  All right.  Thank you.  Good morning.

20       The defendants, and there are seven of them, are all

21   alleged members or associates of the 1125 Gang.  They've been

22   charged in a superseding indictment with one count of

23   kidnapping conspiracy in violation of United States Code

24   Section 1201(a)(1) and (c); and one count of kidnapping aiding

25   and abetting in violation of 18 United States Code Section

1    1201(a)(1) and (2), and that's (ECF No. 106.)

2         The current trial date is August 15, but there are several

3    moving pieces here.  Five of the seven defendants need to be

4    arraigned on the superseding indictment.  One of the defendants

5    was only recently added as a result of the superseding

6    indictment.  I've learned that significant amounts of discovery

7    are being produced by the Government.  At least one defendant

8    is insisting on a speedy trial on August 15.  Several -- or a

9    few of the defendants have motions pending pertaining to

10   counsel.

11        So, as part of the arraignment, I wanted to have a status

12   conference and get a sense of where the case is and where the

13   parties are.  Unfortunately, with some of our staffing issues,

14   we don't currently have enough marshals to have all of the

15   defendants present in the courtroom at one time.  So, that's

16   why I have four of the defendants present first and then we'll

17   bring in the other three defendants and do the same thing all

18   over again.  But I wanted to have all of the lawyers in the

19   courtroom because especially with respect to scheduling issues,

20   some of those I may not need to have the defendants physically

21   present in the courtroom to address.

22        So, Mr. Cowen and Ms. Brunson, I'm going to start with you

23   in a minute in terms of where things are in the case with

24   discovery and the like.  But I think what I'll do first is

25   arraign Mr. Blake and Mr. Ayers on the first superseding

 1   indictment.

 2        And looks like I have paperwork for Mr. Ayers, but --

 3            **MR. LEE:**  Here it is, Your Honor.

 4            **THE COURT:**  Okay.  Thank you, Mr. Lee.

 5            **MR. LEE:**  Thank you.

 6                **Arraignment: Mr. Ayers and Mr. Blake**

 7            **THE COURT:**  And we can do this together since they're

 8   charged in the same count.

 9        So, Mr. Ayers and Mr. Blake, why don't I have you stand up

10   for me, if you would.  And I know that you've already been

11   arraigned on the initial indictment.  This proceeding is

12   similar to that proceeding.

13        I'm going to advise you of the charges that have been

14   brought against you.  I'm going to advise you of the penalties

15   that you could face if you're convicted of those charges or if

16   you were to plead guilty to those charges.  And if necessary,

17   we'll deal with pleas and detention issues.

18        So, let me first ask Mr. Lee and Mr. Churikian, do you

19   wish to have The Court read the first superseding indictment or

20   do you waive reading?

21            **MR. LEE:**  On behalf of Mr. Blake, we waive any formal

22   reading and stand moot, Your Honor.

23            **THE COURT:**  All right.  And Mr. Churikian?

24            **MR. CHURIKIAN:**  Judge, as to Mr. Ayers, I've just

25   conferred with him, Judge.  We waive the formal reading of the

1    superseding indictment and he stands moot.

2              THE COURT:  Okay.  Thank you.  I did receive from

3    both defendants acknowledgments of the first superseding

4    indictment.  And Mr. Ayers, is this your signature on the

5    acknowledgment?

6              DEFENDANT BLAKE:  Yes, Ma'am.

7              THE COURT:  And Mr. Blake, is this your signature on

8    the acknowledgment?

9              DEFENDANT BLAKE:  Yes, Ma'am.

10             THE COURT:  And the acknowledgment that you've signed

11   indicates that you've received a copy of the first superseding

12   indictment, that you've reviewed it, and that you understand

13   its contents.  Is that an accurate statement?

14             DEFENDANT BLAKE:  Yes, Your Honor.

15             THE COURT:  And Mr. Ayers?

16             DEFENDANT AYERS:  Yes, Ma'am.

17             THE COURT:  And were you both able to have an

18   opportunity to discuss the charges against you with your

19   counsel.  Mr. Blake?

20             DEFENDANT BLAKE:  Yes.

21             THE COURT:  And Mr. Ayers?

22             DEFENDANT AYERS:  Yes, Ma'am.

23             THE COURT:  As I said, the first superseding

24   indictment charges you both in Count One with kidnapping

25   conspiracy; and in Count Two with aiding and abetting a

1   kidnapping.  And do you both, from your review of your charging

2   document and from your discussion with your counsel, do you

3   both understand the charges that have been brought against you.

4   Mr. Blake?

5              **DEFENDANT BLAKE:**  Yes, Ma'am.

6              **THE COURT:**  And Mr. Ayers?

7              **DEFENDANT AYERS:**  Yes, Ma'am.

8              **THE COURT:**  The acknowledgments that you've signed

9   also explain to you that if you're convicted or if you were to

10  plead guilty, you could be sentenced as follows:

11          On Count One, up to life in prison, not more than five

12  years of supervised release, and a $250,000 fine.  And on Count

13  Two, also up to life in prison, not more than five years of

14  supervised release, and a $250,000 fine.

15          Do you both understand those penalties that you could face

16  if you were convicted or if you were to plead guilty to those

17  two counts.  Mr. Blake?

18              **DEFENDANT BLAKE:**  Yes, Ma'am.

19               **THE COURT:**  And Mr. Ayers?

20              **DEFENDANT AYERS:**  Yes, Ma'am.

21              **THE COURT:**  And your counsel advised me that you

22  waive reading and stand moot to these charges.

23          So, The Court is going to enter pleas of not guilty on

24  your behalf to both Counts One and Two of the first superseding

25  indictment.

**22-20519; United States of America v. Cortez Blake, et al**

1      And is there any reason that I shouldn't continue the

2  detention orders that have previously been entered.  Mr. Lee?

3          **MR. LEE:**  No, Your Honor, he's incarcerated by a

4  state on another matter anyway.  So, it would be futile to

5  address it.

6          **THE COURT:**  All right.  And Mr. Churikian?

7          **MR. CHURIKIAN:**  Judge, as the Court is well aware,

8  there are two other matters that are pending before this court

9  and as a result of him having three pending cases, I think it's

10  somewhat futile, at this point, to address bond.  Perhaps, at a

11  later date; but right now, no.

12          **THE COURT:**  Okay.  And I should have at the outset as

13  part of the arraignment reminded both Mr. Blake and Mr. Ayers

14  of certain rights that you have during this criminal case.

15      You have the right to remain silent.  You don't have to

16  make any statements today about the charges that have been

17  brought against you and any statements that you do make today

18  can be used against you in later proceedings.

19      You also have the right to be represented by a lawyer at

20  all critical stages of the case, including any time that you're

21  questioned by the authorities or any time that you have to

22  appear in court.

23      You are both presently represented by counsel.  If at some

24  point in the future that were to change and you could not

25  afford to retain counsel of your own, you could come back to

**Status Conference**
**Friday/June 23, 2023**

12

1   The Court and ask The Court to appoint a lawyer for you.  Do

2   you both understand that?

3               **DEFENDANT BLAKE:**  Yes, Ma'am.

4               **THE COURT:**  All right.  Very good.  Then is there

5   anything further that we have to do with respect to the

6   arraignment.  Mr. Lee?

7               **MR. LEE:**  No, Your Honor.

8               **THE COURT:**  And Mr. Churikian?

9               **MR. CHURIKIAN:**  On behalf of Mr. Ayers, no, Your

10  Honor.

11              **THE COURT:**  All right.  Thank you.  You-all may be

12  seated.

13        And then Mr. Cowen and Ms. Brunson, why don't you, if you

14  would, give me, and if Defense counsel needs it, an update as

15  to where things stand with respect to the discovery.

16              **MR. COWEN:**  Good morning again, Your Honor, David

17  Cowen, on behalf of the United States.

18        So, beginning on June 2nd and up through yesterday the

19  22nd of June, the Government has been working hard to produce

20  Production Number 3 of discovery in this case which is a

21  significant amount of discovery.  Electronically, close to half

22  a terabyte, I believe.  And we've been working with Defense

23  attorneys to get external drives to our office so that we could

24  put this discovery on those drives for them and it's subdivided

25  pursuant to The Court's most recent protective order.  And so

1    within the external drive we've created sub-folders and

2    sub-Bates numbers to catalog the different labels within the

3    protective order.

4        In addition to this Production Number 3, which is global

5    to all the defendants, certain defendants have also received

6    "Defendant Only" productions throughout the course of this case

7    so far.

8        Where we're currently at --

9            THE COURT:  So, Productions 1 and 2 are specific

10   "Defendant Only" productions?

11           MR. COWEN:  No, Judge, I'm sorry.  Productions 1, 2

12   and 3 are all defendants.  And then individual defendants have

13   received "Defendant Only" productions on -- for their case

14   only.

15           THE COURT:  And when did they get Productions 1 and

16   2?

17           MR. COWEN:  Production Number 1 went out on

18   December 19th of 2022; and Production 2 went out on

19   January 23rd of '23.

20           THE COURT:  And what about for Mr. Lewis?  Does he

21   fall within those?

22           MR. COWEN:  Mr. Lewis received everything just

23   recently this week of -- the same Production 3 that everyone in

24   the case got up to and then we included all prior discovery

25   with his discovery as well or at least that's the plan.  I

**Status Conference**
**Friday/June 23, 2023**

14

1    realize they might not have actually received it yet, but we're

2    working hard to get it out to them.

3         **THE COURT:** Okay. Mr. Gleeson.

4         **MR. GLEESON:** I'm led to believe that Production 3 is

5    to arrive at my office today. I previously supplied them with

6    a requested hard drive, but I have not received, to my

7    knowledge, nothing yet.

8         **THE COURT:** Okay. And are there future expected

9    productions after 3?

10        **MR. COWEN:** Judge, we think up through now we're

11   pretty close to being done with Rule 16 Discovery. We are

12   still investigating this case and if things turn up, we'll

13   disclose that. But in large part what remains will fall in the

14   <u>Jencks</u> category leading up to trial.

15        So, I think, as of this week receipt of Production 3,

16   discovery is substantial as far as getting toward complete.

17        **THE COURT:** All right. From the Government's

18   perspective is August 15 a realistic trial date?

19        **MR. COWEN:** No, Your Honor. I think in large part

20   because we're just producing half a terabyte of electronic data

21   to all of the defendants early June up through now and so I

22   don't think realistically it will be fair, from our standpoint,

23   to expect everyone to be ready by August 15th.

24        **THE COURT:** And that's, you know, these half of a

25   terabyte, that's the contents of the entirety of their phones,

**Status Conference**
**Friday/June 23, 2023**                                    15

1    their computers, the like of which of some small subset is

2    going to be relevant here, probably.

3             **MR. COWEN:**  From our perspective, yes.  I can't speak

4    for Defense attorneys on what they might flag as relevant.  But

5    as far as the Government's Case-in-Chief, not all of that is

6    going to be presented.

7             **THE COURT:**  Okay.  All right.  Thank you.

8      So, I appreciate that on the Defense side you-all are

9    getting a lot of material, some of which you don't have yet.

10   You have plea cutoff dates of July 31 and a trial date of

11   August 15.  And I want to get a sense from this group first

12   whether you-all think this is a realistic schedule.  And I'll

13   just go in order here.  Mr. Lee, why don't I start with you.

14            **MR. LEE:**  Well, obviously not right now.  I mean, we

15   still have a lot of work to do and a lot of reading.  I just

16   received the one terabyte.  Mr. Blake tells me he doesn't even

17   have it yet in Milan.  So, it should be en route or it's there.

18   The case manager hasn't gotten it yet.  But, no, the dates are

19   obviously going to have to be moved, Your Honor.  If that's the

20   question I was asked?

21            **THE COURT:**  Yes, that's the question.  That's one of

22   the moving pieces.  I don't know that all of the defendants are

23   in agreement with that.  I don't know whether the Government's

24   prepared to sever some of the defendants here and try some

25   first?

**Status Conference**
**Friday/June 23, 2023**

16

 1          **MR. LEE:**  Mr. Blake wants me to inform The Court that

 2    he's been waiting on his discovery for a long time, that is

 3    correct.  We received the initial badge.  Then we were

 4    requested to get hard drives -- was it two terabytes?  I just

 5    want to be correct on this record.  And he is now waiting on

 6    the two terabytes.  It is true that I told him probably a month

 7    and a half ago that we were waiting on it because we were.

 8          Now, I want to say, on this record, that there is a

 9    discovery coordinator who takes care of all of this stuff and

10    who deals with the Government's paralegal, so anything I know

11    I'm getting from the discovery coordinator.  I'm not personally

12    involved in the discussions to obtain the discovery, nor do I

13    believe any of the other lawyers.  Is that correct, Gentlemen?

14    Maybe one lawyer is.  You're not either -- oh, you are?

15          **MR. GONEK:**  Kind of.  I submitted my own external

16    drive to the Government. They've produced that discovery --

17          **MR. LEE:**  The point I'm trying to make is that this

18    goes through the coordinators, I don't personally know every

19    aspect and everything that's being done all the time.

20          **THE COURT:**  Okay.  And that's one of the reasons I

21    wanted to have a status conference so everybody could get on

22    the same page.  You-all heard the Government has represented

23    that this final production should be any day now.  Mr. Gleeson

24    expects to get it today.  And so I would expect that the other

25    defendants will get it very shortly thereafter.

1      **MR. LEE:**  For the record, Mr. Blake wants me to

2  inform The Court that he's been waiting up to two months on the

3  second batch of discovery, which is probably correct.  It is

4  correct.  He just wanted me to inform The Court of that and I'm

5  just doing so, Your Honor.

6      **THE COURT:**  Okay.  No, and I understand that.  I

7  understand the Government's putting it together and they intend

8  to produce it quickly.

9      So, all right.  Mr. Churikian, what's your perspective on

10  the current schedule?

11      **MR. CHURIKIAN:**  Judge, let me note that I have met

12  with Mr. Ayers.  We reviewed the initial batch of discovery.

13  Went over that some time ago.  I can't give you the exact date,

14  but we did meet.  We went over that.

15      Then my understanding from my recollection is we received

16  a brief video from the Government, that was the second

17  production.  And now we're waiting for the bulk of discovery,

18  which we have not received as of yet.  I haven't received it

19  personally, nor has my client.  We submitted two external hard

20  drives to the Government to be downloaded.

21      As noted by Mr. Lee, we have a coordinator, Mr. Chris

22  Antone, and I've been in communication with him.  But as I

23  noted, Judge, I haven't seen it.  My client hasn't seen it.

24  It's going to take a great deal of work once we do see it and

25  digest it and confer to determine what we're going to do next.

**Status Conference**
**Friday/June 23, 2023**                                          18

1        And so as a result of that, Judge, I think the plea cutoff

2    and the trial date are very unrealistic.

3             **THE COURT:**  Let me go back.  So, Mr. Cowen, let me

4    pin you down a little more.  Do you see any reason why

5    defendants wouldn't have Production 3 by next week?

6             **MR. COWEN:**  No, Your Honor.  In speaking with our

7    paralegal the final two defendants were Fed-Ex'ed out.  And so

8    if not today, depending on delivery times, it certainly should

9    be next week to each Defense counsel's team.  Some are using

10   Mr. Antone who then processes it and gives certain items, I

11   think, to the attorneys and then helps facilitate it to the

12   defendants.

13       But as far as to the Defense team, I'd imagine they would

14   all have it, if not by this afternoon, the beginning of next

15   week.

16            **THE COURT:**  So, has it been sent to Mr. Antone?

17            **MR. COWEN:**  Yeah all -- as of yesterday afternoon we

18   had sent out all defendants their Production 3, Fed-Ex'ed.

19            **MS. BRUNSON:**  I'm sorry to interrupt, but that's

20   specific to those attorneys who are using Mr. Antone.  Not

21   everyone is using Mr. Antone.  For example, counsel for

22   Shatonnia Kimbrough is not using Mr. Antone so she will receive

23   her documents directly.

24       To my understanding, Mr. Roberts will be receiving his

25   information directly from the Government.  And as it relates to

1    Mr. Blake because I know that he has concerns about --

2              **THE COURT:**  But hang on one second.  So, those using

3    Antone should receive it today.  It was Fed-Ex'ed yesterday,

4    Mr. Antone should have it today and will do whatever he does

5    with it.

6              **MS. BRUNSON:**  Mr. Antone has had productions before

7    today.  So, for example -- and as it relates to Mr. Blake,

8    since he's concerned that he's been waiting so long, the

9    Government mailed to Christopher Antone, via Fed-Ex,

10   Mr. Blake's external hard drive, the third production, on

11   June 2nd.  Today is June 23rd.  So, if they don't have it, it

12   is not because of the Government, it is because of Mr. Antone.

13             **THE COURT:**  All right.  So, Mr. Antone has it.  The

14   defendants who are not using Mr. Antone, who will get it

15   directly, will have it by next week?

16             **MS. BRUNSON:**  Yes.

17             **MR. LEE:**  Judge, there's no question that I had the

18   discovery for a week or so, this second batch, the two

19   terabytes.  My understanding is that Mr. Antone is working in

20   order, meaning:  I am Defendant Number 1, I had got my hard

21   drives first, so which is -- I think I've had it for about a

22   week and a half.  My client informs me, Mr. Blake informs me

23   that he still doesn't have access to it at Milan.  After

24   today's hearing, I'm going to call Mr. Antone immediately and

25   find out what's going on as to where his copy is.

Status Conference
Friday/June 23, 2023                                        20

1      By the way, I do want to state on this record that the

2  copies are not identical either.  Mr. Antone has to separate

3  certain things, we do have a protective order.  So, there is

4  some work on Mr. Antone's part also.  It's not like he just

5  gets a copy and sends it back.  This is a process.

6          **MS. BRUNSON:**  He's correct about that.  But I think

7  the record should be clear that the Government is not holding

8  this up.

9      And secondly, I think there shouldn't be an interplay

10  between what the production numbers are.  Maybe you're doing

11  this by error because you keep calling this Production Number

12  2.  Production Number 2 went out in January.

13      Production Number 3, and specifically as relates to

14  Mr. Blake, went out on June 2nd of 2023.

15          **MR. LEE:**  Nobody is disputing that, Your Honor.

16          **THE COURT:**  They're going to track down why it is

17  that Mr. Blake, individually, has not reviewed the materials

18  and they'll figure that out.

19          **MR. LEE:**  I mean, we're in the process of doing that

20  as we speak today.  That's being done, Your Honor, I just want

21  to be clear on this record.

22          **THE COURT:**  Okay.  All right.  Very good.

23      Mr. Gonek, from Mr. Williams' perspective.

24          **MR. GONEK:**  Your Honor, when we were here

25  approximately I believe it was around ten days ago, the

 1   Government did provide me the external drive that I submitted

 2   to them back in March and I do have that material.  I'm just

 3   waiting on any additional material that they may have.

 4        In terms of the date, Mr. Williams wants the quickest

 5   trial date that we could have, but it's unrealistic to think

 6   that we could be prepared to go to trial by August 15.  Thank

 7   you.

 8            **DEFENDANT WILLIAMS:**  But that's what's gon' happen

 9   [sic].

10            **THE COURT:**  Pardon me?

11            **DEFENDANT WILLIAMS:**  But that's what we want to do.

12            **THE COURT:**  All right.  And Mr. Gleeson, you're the

13   newest to the group here.

14          **MR. GLEESON:**  My perspective is this, the existing

15   defendants I think their view is that this crime is alleged to

16   have occurred in November of 2021, they were indicted in 2022,

17   why are they getting a big disc now?  I don't have that

18   argument to make, but I think that's the concern of the

19   existing defendants.

20        Mr. Lewis would like an expeditious trial.  The reason for

21   that is he has another case pending in front of Judge

22   Goldsmith.  He was on pretrial release.  He was reporting in

23   Texas.  He was not afforded the opportunity to report to this

24   Court and be arraigned.  He was arrested there.  He was

25   detained there after a detention hearing.  I've ordered that

1    transcript on an expedited basis, I don't have it yet.  So, I

2    understand Mr. Lewis's insistence on a speedy trial because

3    he's incarcerated when he was previously allowed the privilege

4    of being release pending his trial in front of Judge Goldsmith.

5           **THE COURT:**  What is the charge in Judge Goldsmith's

6    case?

7           **MR. GLEESON:**  Wire fraud, Your Honor.  But certainly

8    I don't know that his identity was a mystery to the Government

9    when they were investigating this case for the last year and a

10   half or two years.  Why he was indicted now?  I'll leave that

11   to the Government to provide The Court with an explanation or

12   why he wasn't released given the opportunity to appear here.

13       I do intend to file a motion for The Court to consider to

14   appeal the detention hearing.  It's a little odd because it's a

15   Texas hearing and so I have to go to Texas to get the

16   transcript and it's been a little difficult, but I'm working on

17   that.

18       I haven't seen the discovery yet, so I don't know what's

19   there.  I'm led to believe there is a case pending in front of

20   you, a carjacking case that the Government will allege have

21   some basis to the motive for the allegations they allege here.

22   I don't know that that's included in the discovery that's been

23   provided to the defendants previously or is going to be on the

24   disc that I'm getting.

25       But I would certainly state that that would be certainly

1    relevant information and I would want to inquire from the

2    Government whether they intend to provide us the information

3    from that carjacking as part of the discovery in this case and

4    whether it's on the disc I'm about to receive because that

5    will -- certainly for a ten-day discovery issue for The Court

6    to resolve if it's not.  So, that's an issue that's yet to be

7    resolved.

8         I don't think I'm going to use Mr. Antone.  I can't say to

9    The Court for sure because I haven't seen what's there.  I may,

10   I just don't want to be -- make a statement to The Court now

11   because I don't know what's there.  But certainly if Mr. Antone

12   has proven himself in other cases, so I'm not saying that to

13   denigrate him, I'm just saying I don't know.

14        But to the extent that Mr. Lewis's interest in a speedy

15   trial is premised primarily on his current status of being

16   detained, I can understand that.  I also recognize that there's

17   a lot of stuff for me to go through to the point that I move

18   The Court for an additional associate counsel who is scheduled

19   for 11:00 today.

20        So, I will defer, to some degree, to the judgment of the

21   attorneys who have been in the case for a period of time as to

22   the complexity of the case and in the need for more time.  But

23   I think that the amount of time that I'm going to have to defer

24   to them.  But I want to emphasize Mr. Lewis's interest in

25   getting the case tried quickly because of his current status.

**Status Conference**
**Friday/June 23, 2023**                                                    24

1        And if I can just confer with him to make sure that I've

2   made an accurate representation?

3           **THE COURT:**  Okay, sure.  And I think everybody shares

4   that because everybody here is detained.  And I appreciate --

5   and several of the defendants have other cases that are

6   pending.  And the plan will be to do this as expeditiously,

7   that's why I want to see from all of you if you're prepared on

8   the 15th of August, which is the current trial date.

9        Now, if we need to extend that a little bit, that's

10  something I'm going to need to get input from all of you and

11  speak with the other group because as I indicated there's one

12  defendant that may not agree with that.

13          **MR. GLEESON:**  If I may speak with him briefly?

14          **THE COURT:**  Sure.

15                       (A brief pause)

16          **MR. GLEESON:**  Your Honor, Mr. Lewis is satisfied with

17  what I've stated to The Court.  Thank you.

18          **THE COURT:**  Okay.  Thank you.

19       My interest, as I just indicated to Mr. Gleeson, to ensure

20  that we do have an expeditious process here.  One that is as

21  expeditious as realistic.

22       I also want to make sure that all of the trial

23  participants have an adequate opportunity to prepare for trial.

24  I want to make sure that all of the participants have an

25  adequate opportunity to engage in plea negotiations if any wish

1   to do so.  And then I've got the interest of the public as well

2   in terms of the efficient administration of justice.  So, those

3   are all the things that I'm weighing and we'll continue to

4   weigh.

5       We'll consider requests from the parties, if I get them,

6   about extensions of time.  From the Government's perspective,

7   if there are some defendants here who wish to go to trial on

8   August 15 and represent that they're prepared to go to trial on

9   August 15, has their been any discussion or thought of some

10  type of severance here?

11          **MR. COWEN:**  We haven't had any discussions, Your

12  Honor.  We would oppose a motion to sever and ask that it be

13  one of those things we brief on because I believe there's some

14  authority that in cases like this, even if there's not a

15  collective agreement, it doesn't automatically result in

16  severing the few who want to go to trial immediately versus the

17  others who want more time.  And so I think that would be,

18  certainly in a case like this, we would want the opportunity to

19  brief.

20      But, no, we wouldn't be in agreement to sever a few of the

21  defendants who wanted to go in August versus those who would

22  agree to more time.

23          **THE COURT:**  All right.  Now, I don't know with this

24  group of defendants doesn't sound like that type of motion is

25  eminent from this group.

1      All right.  And, yes, there are definitely legal issues

2  that have to be resolved around this.  Maybe for the

3  defendant's understanding, under the Speedy Trial Act you-all

4  have a right to be tried within a certain amount of time from

5  your arraignment.  But there are things that can happen in a

6  case that can extend that time.  Motions can get filed.  Time

7  to prepare for trial.  Time to engage in plea negotiations, all

8  of those things can extend the time.

9      And in a case like this where there are seven defendants,

10  and you're all charged in the same counts, if there's

11  excludable delay, meaning, if one of those things occurs for

12  some of you, that applies to all of you.  And I have some

13  motions pending.  I have the sense that there may be other

14  motions pending which could extend the time.  And if it extends

15  the time for one defendant, it extends the time for all of the

16  defendants.

17      So, those are all of the things that I'm going to have to

18  deal with as the case goes forward, but we're going to do our

19  best to deal with them as efficiently as we can.  But I have a

20  good sense then from I think the group that's presently in the

21  courtroom.

22      I do need to hear from the other defendants.  And I'm

23  going to have the same discussions with them that I had with

24  all of you.  Before I do that, before I have you go back and

25  bring the other group in, is there anything else that anybody

1   think we should address as part of this status conference?

2       Yes, Mr. Churikian.

3           **MR. CHURIKIAN:**  Judge, I've just conferred with my

4   client and he has just told me he wants a speedy trial in this

5   matter.  I've told him that's ill advised because I have not

6   even seen the bulk of the discovery in this matter.  I have no

7   idea what the Government has produced, what they're going to

8   provide, let alone anticipating what's going to be contained

9   within the <u>Jencks</u> materials.  So, I think it's very ill advised

10  to proceed in a speedy fashion, Judge, without knowing what's

11  coming.  I've told him that and he told me he wanted The Court

12  to know he wants a speedy trial.

13          **THE COURT:**  Okay.  And the issue becomes what that

14  means?  And that's what we're trying to explain to the

15  defendants here today.

16          **MR. LEE:**  Your Honor, I'm hearing the same thing from

17  Mr. Blake.  I don't know whether he wants to address The Court.

18  To me it's not sensible.  I mean, I'm obviously not prepared to

19  go to trial yet.  It would be to his detriment.  Maybe if it

20  was up to him, we would go to trial yesterday, I don't know.

21          But I know I've been doing this a long time.  I know what

22  it takes to try a complicated, multiple-defendant conspiracy

23  trial.  I know that I have not even looked at -- I've looked

24  at, from what I could tell, a small percentage of the

25  discovery.  So, it just wouldn't be -- I would not be able to

1    be effective if I was pushed to trial sooner than necessary.

2    And I'm just stating this because he wants me to put this on

3    the record that he wants what he terms, "a speedy trial."  I

4    don't even know what that means, to tell you the truth.  But

5    this is -- I'm doing this at the behest of my client, not

6    because I feel compelled to address The Court right now.

7           **THE COURT:**  That's something that you-all are going

8    to have to address with your clients.  As I was just trying to

9    explain, there is a certain --

10                        (A brief pause)

11          **MR. LEE:**  Thank you, Judge.

12          **THE COURT:**  There is a certain end date right now

13   that would be the cutoff for everyone's speedy trial rights.

14   It's not August 15.  August 15 is the current trial date.  I

15   believe the last possible date of the speedy trial, as we've

16   calculated, I don't know if the Government's calculated it, as

17   we've calculated it, is some time in October.

18          But then if things happen in the course of this case.  If

19   motions gets filed.  If after you-all review a terabyte of

20   material, which I don't know what a terabyte equates to, it's

21   probably tens of thousands of pages of materials.  Some of the

22   parties may think that they need some additional time to review

23   that to understand it.  To prepare it for trial.  Some of you

24   may want to negotiate or at least engage in some talks with the

25   Government about possible resolution, those are all things that

**Status Conference**
**Friday/June 23, 2023**                                          29

1    could extend the speedy trial clock and it would still give

2    you-all a trial within your Speedy Trial Act rights.

3          I always set the trial date before the last possible end

4    date of the speedy trial clock.  That's why you presently have

5    an August 15 trial date.  That's not the "be all" and "end

6    all," that if we don't try you by August 15, you're not being

7    given a trial that accords with your speedy trial rights.

8          We're going to keep track of the clock.  Obviously, it's

9    important.  And that's why I'm telling all of you, all of those

10   things come into play here.  And it's obviously more

11   complicated when there's seven of you than if there's one of

12   you.  I don't know if all seven of you are going to be united

13   on this issue, but we're going to do our best to move this case

14   forward in a way that aligns with everyone's interest, the best

15   that we can, and certainly that protects your speedy trial

16   rights.

17         I wanted to get a sense today of whether August 15 is a

18   realistic date.  The lawyers and some of the defendants have,

19   right now, different views about that.  You need to get the

20   discovery.  You need to review the discovery.  And you need to

21   confer with your counsel about that.  I don't have to do

22   anything about it today.  You have a schedule.  If down the

23   road the lawyers tell me that together you want to extend the

24   schedule, I'll consider that request and act accordingly.

25         I do need to meet with the other defendants and just get a

**Status Conference**
**Friday/June 23, 2023**                                    30

 1    sense of where they are as well and then make a determination
 2    of whether I think in a month or two we need to have another
 3    status conference and I bring everybody back in.
 4          All right.  So, I heard from Mr. Churikian.
 5          On the Defense side, anything anybody else wants to
 6    discuss as part of the status conference, just anything in
 7    general?
 8                **MS. BRUNSON:**  Yes, Your Honor.
 9                **THE COURT:**  Yes, Ms. Brunson.  I was going to deal
10    with the Defense first, but I don't see any takers.
11          Okay.  Yes, Ms. Brunson.
12                **MS. BRUNSON:**  Just that one thing we haven't
13    discussed in court today is the fact that the motion cutoff is
14    on June 26th, that's three days from now.  And because the
15    discovery has not been reviewed by the Defense counsel, they're
16    not in position to know at this point any pretrial motions that
17    they want to file so that would certainly put them in the
18    proverbial trick bag and certainly would not be the best way to
19    represent their clients and that's just another reason, in the
20    Government's view, why this current scheduling order is not
21    realistic and that the dates need to be extended.
22                **THE COURT:**  And maybe we can head off one possible
23    motion.  Mr. Gleeson raised the issue of the separate
24    carjacking case.  Is some of that discovery included in the
25    discovery that's being produced here?

**Status Conference**
**Friday/June 23, 2023**                                        31

1         **MS. BRUNSON:** I don't have the index in front of me,

2    that was part of the problem this morning because all of our

3    drives are not working at the U.S. Attorney's Office at the

4    moment. But we believe there's information about the

5    carjacking that is included in the discovery that's been

6    provided.

7         **THE COURT:** Okay. And I guess would there be any

8    reason -- there may be some discovery in that case that has

9    nothing to do with this case but is there any reason a good

10   chunk of the discovery in that case couldn't also be produced

11   in this case? I don't know where you are in terms of producing

12   discovery in that case.

13        **MS. BRUNSON:** I think that will require a side bar.

14        **THE COURT:** Okay. But it's going to include some of

15   it?

16        **MS. BRUNSON:** Yes.

17        **THE COURT:** All right. So, that answers

18   Mr. Gleeson's question.

19        And from the Defense perspective, from what I've heard

20   today, you-all have not received all of the discovery yet. So,

21   I'm not going to hold you to a June 26th motion cutoff. If you

22   need to extend the motion cutoff date then as Ms. Brunson's

23   indicating one of the reasons that, perhaps, this schedule does

24   need to be extended and those -- that's what I'm trying to

25   explain to all of you. If there are motions, those are the

 1    things that extend the speedy trial.  If you file motions and

 2    the Government has to respond to the motion and then I have to

 3    rule on the motion, that takes time and those days don't get

 4    included -- those days don't get counted in the 70 days for

 5    your trial, they get excluded from the 70 days.  So, that's why

 6    just saying:  "I want a speedy trial," is a little more

 7    complicated than just saying:  "I want a trial on this date."

 8    But those are things now that we've met and I think you

 9    understand some of it and you can discuss with your counsel,

10    okay.

11         All right.  I think I'd like to have everybody stay,

12    except I know that the marshals will need to take Mr. Blake and

13    Mr. Ayers and Mr. Williams and Mr. Lewis back down and bring up

14    the other defendants.  So, we'll be in recess for about

15    ten-minutes.

16              **MR. LEE:**  Would you like us all to stay, Your Honor?

17              **THE COURT:**  I'd like the lawyers to all stay, yes.

18              **MR. LEE:**  Okay.

19              **THE CLERK:**  All rise.  Court is in recess.

20              **(Whereupon proceedings concluded at 10:41 a.m.)**

21                         -    -    -

22

23

24

25

```
 1

 2                          -    -    -

 3                 C E R T I F I C A T I O N

 4            I, Nefertiti A. Matthews, official court reporter

 5       for the United States District Court, Eastern District of

 6       Michigan, Southern Division, appointed pursuant to the

 7       provisions of Title 28, United States Code, Section 753,

 8       do hereby certify that the foregoing is a correct

 9       transcript of the proceedings in the above-entitled cause

10       on the date hereinbefore set forth.

11            I do further certify that the foregoing

12       transcript has been prepared by me or under my direction.

13

14   Date: August 10, 2023

15

16   s:/Nefertiti A. Matthews
     Nefertiti A. Matthews,
17   Official Court Reporter

18                          -    -    -

19

20

21

22

23

24

25
```